THE STATE OF KANSAS v. JULIUS ENGLEMAN.

No. 12,715. (71 Pac. 859.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Nuisance*—*Improper Testimony*. A party was charged by information with having, on or about the 16th day of May, 1901, maintained a common nuisance under the prohibitory liquor law of 1901, which went into effect on March 1 of that year (Gen. Stat. 1901, § 2493). The court permitted testimony to go to the jury tending to show that several years prior to March 1, 1901, persons who were boisterous and disorderly, and who used vulgar and obscene language, were accustomed to congregate on the defendant's premises, to the disturbance of persons in the vicinity. *Held*, that such testimony was improperly admitted.

Appeal from Geary district court; O. L. MOORE, judge. Opinion filed March 7, 1903. Reversed.

*A. A. Godard*, attorney-general, *C. C. Coleman*, attorney-general, *W. S. Roark*, county attorney, and *J. S. West*, for The State.

*Thomas Dever*, for appellant.

*G. C. Clemens*, and *Nathan Cree*, as *amici curiæ*, filed briefs for appellant.

The opinion of the court was delivered by

SMITH, J. :  Julius Engleman was informed against in the district court, charged in one count with illegal sales of intoxicating liquors, and in another with the maintenance of a nuisance under the prohibitory law. Both offenses were charged to have been committed on or about the 16th day of May, 1901.   At the close of the testimony for the state the county attorney dismissed the first charge against defendant, relating to illegal sales.   Counsel for Engleman then moved the court to strike out all testimony relating to matters and transactions occurring prior to March 1, 1901, being the date when chapter 232, Laws of 1901 (Gen. Stat. 1901, §§ 2493–2500) went into effect.   Passing on the motion, the court said :

"A motion has been made to strike out all testimony relating to transactions prior to March 1, 1901, from the fact that that is the time at which the present law took effect under the nuisance charge.   You are instructed, gentlemen of the jury, that you will consider such testimony as has been offered prior to that time only so far as it will affect or tend to show that the party has been guilty of a crime since the 1st day of March, 1901.   In other words, you cannot convict him of any crime prior to that time, under the situation of the case at this time.   Counsel has dismissed the case so far as a sale is concerned, and is now proceeding solely upon the question as to whether he was maintaining a nuisance or not."

We have just decided, in *The State v. Estep*, post, that the nuisance act of 1887 (Gen. Stat. 1901, § 2463) was repealed by section 1 of chapter 232, Laws of 1901 (Gen. Stat. 1901, § 2493). This prosecution, after the count for illegal selling had been dismissed, could proceed only under the latter law.

The court permitted testimony to go to the jury that persons who were boisterous and disorderly, using vulgar and obscene language, were accustomed to congregate on the appellant's premises, to the disturbance of persons living in the vicinity. One witness, Mrs. Pierce, testified that such disorderly conduct had been going on for three years before the trial, which was had in May, 1901. Another witness, Mr. Muenzenmayer, testified that he had met drunken soldiers coming from the direction where Engleman lived, and not far distant therefrom. The following questions and answers made by this witness appear in the record :

"Ques. How often have you met persons coming from there, from that way? Ans. I couldn't say that.

"Q. Well, give the jury some idea of the period over which this extended—whether for weeks or months. A. It has been several years."

In these answers the witness did not expressly refer to the intoxicated persons mentioned in the beginning of his testimony, but the jury might well infer that he had them in mind.

The court stated on the trial that "evidence back of the 1st of March should apply to sales rather than to the nuisance." To this ruling, however, it did not adhere. Considering that the law which the appellant was charged with violating went into effect less than three months before the information was filed, we think the court allowed the testimony with

Fidelity Co. v. Kepley.

respect to the nuisance count to take too wide a range. The testimony of the witnesses named, running back for several years, was too remote. It was sufficient, if uncontradicted, to justify the conviction of the defendant. It not only antedated the taking effect of the statute under which the appellant was prosecuted, but also a date prior to which defendant would have been protected by the statute of limitations.

As the judgment of conviction must be reversed, the order of the court directing the liquors and accessories which were seized to be destroyed must also be set aside. The conclusion at which we have arrived renders it unnecessary to consider the other questions which were propounded by counsel to be answered.

The judgment of the district court will be reversed, and a new trial ordered.

All the Justices concurring.